UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LORI A. HANEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CAUSE NO.: 2:12-CV-57-TLS |
| | ) |
| MAJESTIC STAR CASINO II, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

On February 6, 2012, the Plaintiff, Lori A. Haney, filed an Employment Discrimination Complaint [ECF No. 1] in this Court, *pro se*. She complained of wrongful termination, slander, and libel, and stated that she was in the process of obtaining representation. The Defendant, Majestic Star Casino II, Inc., filed an Answer and Affirmative Defenses [ECF No. 9] on March 26. On May 18, Magistrate Judge Andrew P. Rodovich entered a Notice of Pretrial Conference which stated as follows:

> In accordance with Federal Rule of Civil Procedure 16, this cause is now set for a Pretrial Conference before Magistrate Judge Andrew P. Rodovich to be held on the **29th day of June, 2012, at 10:00 A.M. (CST). Conference will be in-person unless prior approval is received from the court.**

(Notice of Pretrial Conference 1, ECF No. 10.) The Notice informed the parties that it was their responsibility to file a proposed discovery plan not later than five business days prior to the pretrial conference and outlined the form and content of a discovery plan; the Notice also warned the parties that failure to timely file the discovery plan could result in the imposition of sanctions under Rule 16(f). (*Id.* 2.) The docket indicates that the Clerk mailed the Plaintiff a copy of the Notice on May 18.

On May 22, the Defendant filed a Motion to Appear Telephonically at Initial Pretrial

Conference [ECF No. 12], which the Magistrate Judge granted in an Order [ECF No. 13] dated May 29. In that Order, the Magistrate Judge stated the Motion was granted as to counsel for the Defendant only, and reiterated that "[t]he Plaintiff Lori Haney must appear **in-person** at the initial pretrial conference." The docket indicates that the Clerk mailed a copy of the Order to the Plaintiff on May 29.

On June 25, the Defendant filed a Proposed Discovery Plan [ECF No. 14] in accordance with the Court's May 18 Notice. In its filing, the Defendant noted that it had mailed the proposed discovery plan to the Plaintiff on May 21, but that the Defendant had received no response from the Plaintiff.

The Magistrate Judge conducted the Pretrial Conference on June 29. Counsel for the Defendant appeared telephonically, but the Plaintiff failed to appear. Therefore, on July 2, 2012, the Magistrate Judge issued an Order stating as follows:

> This matter was set for a Rule 16 Preliminary Pretrial Conference on June 29, 2012. Attorney Melissa Vare appeared via telephone on behalf of the defendant. The pro se plaintiff, Lori A. Haney, failed to appear. The plaintiff shall file an affidavit **no later than July 13, 2012**, as to why she failed to appear at the pretrial conference. The plaintiff further is **WARNED** that the failure to file a timely affidavit showing good cause may result in a dismissal pursuant to Federal Rules of Civil Procedure 16(f) and 41(b).

(Order, ECF No. 16.) The docket indicates that the Clerk mailed the Plaintiff a copy of the Order on July 2. The Plaintiff did not enter a response by July 13.

On August 7, the Magistrate Judge filed a Report and Recommendation [ECF No. 17] recommending that the Court dismiss this cause with prejudice pursuant to Rule 41(b) because of the Plaintiff's failure to prosecute. Once again, the Clerk mailed a copy to the Plaintiff.

The Plaintiff entered a Response [ECF No. 18] on August 14. In it, she purported to

explain why she "failed to appear (telephonically) [at the] June 29, 2012 pretrial conference." She stated that she attempted to call counsel for the Defendant on June 22, but that the direct line telephone number listed on correspondence received from Defendant's counsel was "wrong." She stated that she called the "bailiff" on June 25 requesting a continuance, but stated that she "never heard back from the court until now." She also stated that she had been spending significant time in Arizona caring for her sick mother since the filing of her lawsuit, and that she herself had been ill and was recovering from surgery. She concluded by recounting her continued efforts to find an attorney, and by stating: "I was unaware there was a court order I needed to respond to." Notably, the address and telephone number she listed in her Response are the same address and telephone number listed on the docket and listed in her Complaint.

The Plaintiff attached to her Response a copy of a May 21 letter sent to her by counsel for the Defendant discussing the proposed discovery plan. The Plaintiff annotated the letter by circling the text in which counsel for the Defendant listed her direct dial telephone number. Next to the circled text, the Plaintiff wrote "wrong number." The May 21 letter from counsel for the Defendant also listed a street address, a main line telephone number, a fax number, a website, and a direct email address. Finally, on August 16, the Plaintiff filed an Amended Response [ECF No. 19], identical to her Response except that it added the following last line: "I sincerely apologize to the court & respectfully request my case be permitted to go forward."

Rule 41(b) provides for dismissal of a plaintiff's case for failure to prosecute or to comply with the federal rules or any court order. A district court may dismiss sua sponte an action for failure to prosecute under Rule 41(b) as part of its "inherent power" to control its docket "to achieve the orderly and expeditious disposition of cases." *James v. McDonald's*

3

*Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). "Dismissal for want of prosecution 'is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing.'" *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (quoting *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008). A district court must consider a number of factors when deciding whether to apply this harsh remedy, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents.

*Kasalo*, 656 F.3d at 561 (citing *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003); *Ball v. City of Chi.*, 2 F.3d 752, 755 (7th Cir. 1993)). Further, "[t]here is no 'grace period' before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed." *Ball*, 2 F.3d at 760. *See also Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (holding that ordinary misconduct, as opposed to "egregious misconduct," can be punished by dismissal only after a warning and after the judge determines that dismissal is an appropriate sanction under the circumstances). Missing one deadline "fails to rise to the level of long-standing or contumacious conduct warrant dismissal," *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000), because missing only one deadline suggests that a plaintiff is not "intentionally delaying proceedings or disobeying court orders," *Williams v. Niles*, 481 F. App'x 259, 260 (7th Cir. 2012).

It appears that the Plaintiff has failed to prosecute this action. After filing the case in

February, she took no action until August. She failed to respond to the proposed discovery plan mailed to her by counsel for the Defendant in May. She failed to appear at the June 29 pretrial conference even though she had been specifically instructed to appear in person in the Notice mailed on May 18 and in the Order mailed on May 29. She was given an opportunity to file a timely affidavit explaining her failure to appear. She failed to do so. Finally, after the Magistrate Judge recommended that the Court dismiss her case with prejudice, she filed the Response and Amended Response.

      The Plaintiff argues that she attempted to call counsel for the Defendant on June 22, but that the direct line telephone number listed for counsel was "wrong." She does not further elaborate how the number was wrong—whether it was a disconnected number, a number belonging to another business or person, or perhaps even a number for another attorney in the law firm. In any case, she also makes no mention of the many other options available for contacting counsel for the Defendant, including a main line telephone number for the law firm, a mailing address, a fax number, a website, and a direct email address for counsel for the Defendant. The Plaintiff also argues that she contacted the Court on June 25 to request a continuance, but no such entry appears on the record. Further, she appears to assume that she would have been able to appear telephonically at the June 29 pretrial conference. But she had been told twice in plain terms that her physical presence was required on June 29. The Magistrate Judge's instructions were clear on this point. She additionally states that she was in Arizona for a significant amount of time after filing her lawsuit and therefore "was unaware there was a court order" requiring her attention. If she was actually unaware that the Magistrate Judge had ordered her on July 2 to respond by July 13 then the record suggests it was because

she was not reading her mail. The Plaintiff does not suggest that the Court was mailing notices to the wrong address. Indeed, the address she lists in her Response and Amended Response is the same address she listed in her Complaint. It appears from the record that on May 18 the Clerk sent her a copy of the Notice of Pretrial Conference; on May 29 the Clerk sent her a copy of the Order granting the Defendant's Motion to Appear Telephonically at Initial Pretrial Conference; on July 2 the Clerk sent her a copy of the Order requiring her to file an affidavit by July 13 or face dismissal of her case; and on August 7 the Clerk sent her a copy of the Report and Recommendation. The Plaintiff does not suggest that she failed to receive any of these mailings. Indeed, it is clear that she did receive the Report and Recommendation because she responded to it specifically within the statutory 10 day period for filing objections.

Despite conduct which could merit dismissal, dismissal is "an extraordinarily harsh sanction," and the Court must consider whether "there is a clear record of delay or contumacious conduct, or [whether] other less drastic sanctions have proven unavailing." *Kasalo*, 656 F.3d at 561 (quotation marks omitted). Here, the Court finds that the Plaintiff's conduct constitutes a record of delay. She filed this lawsuit and then took no action until she was faced with dismissal. Further, her failure to comply with the Magistrate Judge's very clear instruction that she appear in person on June 29 suggests disobedient conduct towards the Court. Her insistence that she would have been allowed to appear telephonically at the June 29 pretrial conference—despite clear notices to the contrary—further evidences a low level of investment in her pending lawsuit. She failed to communicate with counsel for the Defendant concerning the proposed discovery plan in spite of the many modes of communication that were available to her. She failed to meet deadlines and follow Court instructions. Her failure is her own, not attributable to a lawyer. *See*

*id.* at 561 (discussing "whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer"). Because discovery has not even begun, the Court has no information upon which to consider the merits of the suit or the consequences of dismissal for the social objectives represented by the litigation, *see id.*, but the Court does find that the Plaintiff's failure to appear and comply with deadlines disrupted the Magistrate Judge's calendar to the prejudice of other litigants, and prejudiced the Defendant in its efforts to file dispositive motions or prepare for trial. Having considered "the frequency and egregiousness of the [P]laintiff's failure to comply with deadlines, the effect of delay on the [C]ourt's calendar, and the prejudice resulting to the [Defendant]," *Williams*, 481 F. App'x at 260, the Court finds that the Plaintiff has engaged in a pattern of delay and prejudice to the Court more serious than merely missing one deadline. The Plaintiff failed to participate in her case, failed to read the Court's instructions, and failed to follow its instructions. In other words, she failed to prosecute her case.

However, dismissal under Rule 41 is subject to the Court's "sound discretion," *James*, 417 F.3d at 681 (quotation marks omitted), and in this case the Court finds that dismissal may not be warranted because less drastic sanctions may prove to be effective. Considering the personal circumstances outlined by the Plaintiff in her recent filings, the Court finds that an additional opportunity to present her case is appropriate. If the Plaintiff fails to comply with further deadlines or instructions from the Court, her record of delay and disobedient conduct will merit dismissal at a later date.

Accordingly, the Court ORDERS as follows:

1) The Court AFFORDS the Plaintiff thirty (30) days from the date of this Opinion and

Order in which to obtain counsel in this matter and to have such counsel file a notice of appearance on the record.

      2) The Court SETS this matter for a telephonic status conference on May 30, 2013, at 11:00 AM Eastern time before Judge Theresa L. Springmann. The Court will initiate the call. If the Plaintiff is not represented by counsel on May 30, she must appear telephonically at this status conference. The Court REMINDS the Plaintiff to notify the Clerk of any change in her telephone number or address.

      3) For the reasons discussed, the Court WITHHOLDS RULING on the Magistrate Judge's Report and Recommendation [ECF No. 17].

      4) Further, the Court WARNS the Plaintiff that if she fails to comply with the Court's instructions in this Opinion and Order, the Court will dismiss this cause for failure to prosecute in accordance with the Magistrate Judge's Report and Recommendation.

      SO ORDERED on April 4, 2013.

                                        s/ Theresa L. Springmann  
                                        UNITED STATES DISTRICT COURT  
                                        NORTHERN DISTRICT OF INDIANA  
                                        FORT WAYNE DIVISION